CV 08 3288

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
NILSA LEWIS,

             Plaintiff,

   -against-

ASA COLLEGE,

             Defendant.
-----------------------------------------------------------X

08 CV

COGAN, J.

**COMPLAINT**

J. ORENSTEIN, M.J.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 13 2008 ★
BROOKLYN OFFICE

Plaintiff, Nilsa Lewis ("Plaintiff" or "Plaintiff Lewis"), by her attorneys, The Bond Law Group, PLLC and through her Complaint against ASA College ("Defendant," the "College" or "ASA"), alleges as follows:

## THE PARTIES

1. Plaintiff Lewis is a resident of the State of New York.

2. Plaintiff Lewis resides at 101 Ocean Parkway, Brooklyn, NY 11218.

3. Plaintiff resided in the State of New York at all times relevant to this Complaint.

4. Plaintiff's date of birth is November 20, 1947.

5. Plaintiff is over the age of 40, and opposed to discriminatory practices.

6. Plaintiff worked in the Continuing Education Department of ASA College.

7. ASA College is and has been located in New York during the time-frame relevant to this complaint.

## NATURE OF THE ACTION

8. This is a civil action brought against Defendant for unlawful employment discrimination and retaliation. The action is brought seeking damages and remedies for age discrimination and retaliation for complaining of same under The Age Discrimination in Employment Act (hereinafter "ADEA") of 1990, 29 U.S.C. 621 *et seq.*, the New York State

Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, and the New York City Human Rights Law, NYC Admin Code § 8-101 *et seq.*

9. Specifically, Defendant discriminated against Plaintiff Lewis because of her age, by horribly and offensively harassing her on virtually a daily basis, saying she was too old for her job, and firing her for her complaints about such harassment.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action under 28 U.S.C. § 1331 for civil actions arising under the laws of the United States and under 28 U.S.C. 1343 for actions under laws providing for the protection of civil rights.

11. Declaratory and injunctive relief are sought under 28 U.S.C. § 2201 *et seq.*

12. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in the Eastern District of New York.

## ADMINISTRATIVE PREREQUISITES

13. Plaintiff Lewis filed an Equal Employment Opportunity Commission ("EEOC") charge of discrimination against Defendant on or about November 4, 2005, the receipt of which was acknowledged on or about January 10, 2006 by the EEOC.

14. Upon investigation, the EEOC issued a determination that there was reasonable cause to determine that Defendant discriminated and retaliated against as well as harassed Plaintiff in violation of the ADEA, dated August 31, 2007. A copy of this determination is annexed hereto as Exhibit A.

15. After unsuccessful attempts at conciliation, Plaintiff's counsel requested and received a right to sue letter from the EEOC.

16. The right to sue was mailed on or about May 16, 2008 and received thereafter.

17. A copy of this right to sue is annexed hereto as Exhibit B.

18. Plaintiff's filing is thus within the ninety (90) days required under the law.

## FACTS

19. Plaintiff began working for ASA College as a Receptionist in the Continuing Education Department on or about May 10, 2004.

20. Ms. Lewis was placed in the Continuing Education Department from the student placement department, since she had attended the College for two years.

21. Denise Torres, who was the Vice President of the Continuing Education Department, was Plaintiff's supervisor.

22. Ms. Lewis's duties included answering telephones, making appointments, managing sales representatives' caseloads, computer data entry, filing documents and greeting and advising students.

23. Plaintiff was an extremely dedicated employee from the start, and she worked especially hard with the hopes of being promoted.

24. From very early on, however, her supervisor Ms. Torres began treating Plaintiff in a different manner from the other employees in the department.

25. For instance, Ms. Torres often called Plaintiff or referred to Plaintiff as an "old lady."

26. In addition, Ms. Torres made Ms. Lewis perform menial tasks that were not part of her job duties, such as fetching coffee, cleaning Ms. Torres' office, shopping for Ms. Torres, and running errands for Ms. Torres such as getting her lunch or cigarettes.

27. Ms. Torres often made these requests to Ms. Lewis, and referred to Ms. Lewis as her "gofer."

28. Ms. Torres also made comments that Plaintiff was only good to be her

gofer, or that Plaintiff was an old lady with no brains.

29. Ms. Torres never made such requests or comments to the other receptionist in the department, Julissa, who was 25 years old.

30. Ms. Torres' comments made it clear to Plaintiff that Ms. Torres possessed strongly held stereotypes of older workers, and that she only perceived Plaintiff as such.

31. Plaintiff felt horribly humiliated and degraded at this treatment.

32. Plaintiff continued to work hard, however, because she needed the job, and also with the hopes that earning a promotion would change the way Ms. Torres treated her.

33. Around the beginning of 2005, there was a promotional opportunity for Plaintiff as a secretary in the Continuing Education Department.

34. Plaintiff hoped she would be promoted to fill this position, and expected that she would be promoted based on her strong work performance.

35. Ms. Torres told Plaintiff, however, that she was "too old" and that she wanted to "keep [her] as [her] gofer."

36. Ms. Torres also told her secretary, Mattie, that she wanted a younger receptionist so that she could grow with the College.

37. Ms. Torres also told Mattie that Plaintiff was just an old lady who could not be trusted to say the right thing.

38. Plaintiff was devastated by Ms. Torres' words and actions.

39. Plaintiff realized Ms. Torres would never give her the same opportunities to succeed as younger employees, and that Ms. Torres would not stop discriminating against her because of her age.

40. Shortly after this incident, Plaintiff requested a transfer to another department because she could not stand the harassment she was subjected to by Ms. Torres any further.

41. On or about March 11, 2005, Plaintiff received a call from a party named, to Plaintiff's recollection, Mr. Dumaual, Vice President of the College (hereinafter "Mr. Dumaual" or "Mr. D")

42. This party inquired about Plaintiff's reasons for requesting a transfer.

43. Plaintiff expressed her fear that disclosing Ms. Torres' ageist treatment would jeopardize her job.

44. Mr. Dumaual assured Plaintiff that she would not be fired for or retaliated against for expressing her complaint.

45. Upon this assurance, Plaintiff told Mr. Dumaual about the incidents of age discrimination and harassment she had been subjected to.

46. Plaintiff was very upset and in tears during the meeting, and asked Mr. Dumaual again whether she might be fired for telling him her story.

47. Mr. Dumaual assured Plaintiff that she would not be fired by anyone for telling her story.

48. The next business day, on or about March 14, 2005, Plaintiff was called into Ms. Torres' office at the end of the day, and fired on the spot.

49. Ms. Torres stated that that day was Plaintiff's last day, and that she didn't want Plaintiff there any more.

50. Plaintiff was shocked, and asked for the basis of her termination.

51. Ms. Torres responded that there was no reason and that Plaintiff was just fired.

52. Ms. Torres also stated to Plaintiff, "Now go complain to Mr. D."

53. Plaintiff realized with this comment that Ms. Torres was firing her in retaliation for her complaint to Mr. Dumaual.

54. Plaintiff tried to reach Mr. Dumaual on several occasions after her

termination, but he did not return her phone calls.

55. The above-referenced discriminatory acts are a representative sampling and not an exhaustive list of all the acts Plaintiff has been subjected to.

## FIRST CAUSE OF ACTION

### (Age Discrimination and Retaliation in Violation of the ADEA)

56. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above as if separately set forth herein.

57. Plaintiff is a qualified individual over the age of 40.

58. Defendant is an employer within the meaning of the ADEA.

59. Defendant harassed and treated Plaintiff unfairly because of her age, and fired her in retaliation for her complaints about this treatment in violation of the ADEA.

60. Plaintiff is, thus, entitled to relief.

## SECOND CAUSE OF ACTION

### (Age Discrimination and Retaliation in Violation of New York State Executive Law)

61. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above as if separately set forth herein.

62. Plaintiff is a qualified individual over the age of 40.

63. Defendant is an employer within the meaning of the New York State Executive Law.

64. Defendant harassed and treated Plaintiff unfairly because of her age, and fired her in retaliation for her complaints about this treatment in violation of the New York State Executive law.

65. Plaintiff is, thus, entitled to relief.

## THIRD CAUSE OF ACTION

**(Age Discrimination and Retaliation in Violation of the New York City Administrative Code)**

66. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above as if separately set forth herein.

67. Plaintiff is a qualified individual over the age of 40.

68. Defendant is an employer within the meaning of the New York City Administrative Code.

69. Defendant harassed and treated Plaintiff unfairly because of her age, and fired her in retaliation for her complaints about this treatment, in violation of the New York City Administrative Code.

70. Plaintiff is, thus, entitled to relief.

WHEREFORE, while reserving the right to seek additional damages and plead additional causes of action as available, Plaintiff demands judgment against Defendant as follows:

A. A declaratory judgment in favor of Plaintiff Lewis, against Defendant, declaring that Defendant has violated The ADEA and/or The New York State Executive Law and/or the New York City Administrative Code by discriminating against and retaliating against Plaintiff based upon her age;

B. On all applicable causes of action, back pay and benefits and front pay and benefits, plus compensatory, liquidated, and punitive damages, all in amounts to be determined at trial, as well as attorneys' fees, costs and interest;

C. Such other and further relief as this Court deems just and proper.

Dated: New York, New York
August 13, 2008

                                        THE BOYD LAW GROUP, PLLC

                              By: _____
                                    Patrick J. Boyd
                                    Attorney for Plaintiff
                                    230 Park Avenue, Suite 1000
                                    New York, New York 10160
                                    (212) 808-3054

# EXHIBIT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New York District Office

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3630
General FAX: (212) 336-3625

Charge No.: 160-2006-00527

Ms. Nilsa Lewis
101 Ocean Parkway
Brooklyn, NY 11218                           Charging Party

ASA College
c/o Ms. Ronnie Schaffer
Director of Human Resources
151 Lawrence Street
Broolyn, NY 11201                            Respondent

## DETERMINATION

Under the authority vested in me by the Commission, I issue the following determination on the merits of this charge.

All requirements for coverage have been met. Charging Party alleges that Respondent discriminated and retaliated against and harassed her on the basis of her age and for having made a complaint of discrimination, in violation of the Age Discrimination in Employment Act as amended ("ADEA").

Charging Party alleges that she began at Respondent as a Secretary in the Continuing Education Department on or around May 10, 2004. Charging Party alleges that her supervisor was Ms. Denise Torres. Charging Party alleges that Ms. Torres, contrary to Charging Party's job description, made Charging Party her 'go-fer.' Charging Party alleges that she was in line to be promoted higher up in this department. Charging Party alleges that when she did not 'cover for' Ms. Torres, Ms. Torres then began to harass Charging Party due to her age, implying that she was too old to learn anything and that she needed a younger person working for her. Charging Party alleged that a younger less experienced co-worker was then given the promotion. Charging Party alleged that she began refusing to be Ms. Torres' go-fer as means of protesting her mistreatment. Charging Party alleges that she complained to Mr. Dumual about the age discrimination and harassment on March 13, 2006 and requested he look into it and attempt to get her a transfer. Charging Party alleges that the next day Ms. Torres fired her stating, 'now go complain to Mr. Dumual.' Charging Party alleges that the next day she complained to Ms. Ronnie Schaffer about the age discrimination and harassment and that she was told to collect unemployment and use her as a reference.

Respondent denies that it discriminated against Charging Party under the ADEA. Respondent alleges that Ms. Torres came to Ms. Schaffer in February of 2005 to complain about Charging

Party's work performance. Respondent alleges that Ms. Schaffer told Ms. Torres to keep a record of all performance problems. Respondent alleges that Charging Party did not complain of age discrimination and harassment until after she was terminated. Respondent alleged that Charging Party did have a meeting with Mr. Dumual, but it was just to request a transfer.

The investigation shows that there is reasonable cause to determine that Respondent discriminated and retaliated against as well as harassed Charging Party in violation of the ADEA. Credible testimonial evidence shows that Charging Party did complain often to a co-worker of harassment. Credible evidence further confirms that Charging Party did complain of this harassment and discrimination to Mr. Dumual and that Mr. Dumual's practice was to look into complaints by speaking to the parties involved in order to determine whether the complaints are serious. Further, Respondent could not provide any documentation of Charging Party's purported performance problems, even though Ms. Schaffer requested that Ms. Torres keep written notes of these performance problems. Finally, credible testimony demonstrated that normal practice and policy for terminations was for Human Resources to be heavily involved and that this was not the case in this instance.

Based on such findings, I have determined that the evidence discovered during the investigation establishes that Respondent has violated the ADEA. Specifically, I find reasonable cause to believe that Respondent harassed Charging Party due to her age, failed to promote Charging Party due to her age and retaliated against Charging Party due to her complaint of age discrimination and harassment by terminating her.

This determination does not conclude the processing of this charge. The EEOC will begin conciliation efforts to resolve all matters where there is reason to believe that violations have occurred. Therefore, the Commission now invites the parties to join with it in reaching a just resolution to this matter. The confidentiality provisions of Commission Regulations apply to information obtained during conciliation.

When the Respondent declines to discuss settlement or when, for any reason, a settlement acceptable to the Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission. A Commission representative will contact each party in the near future to begin conciliation.

8/7/01
Date

On Behalf of the Commission:

Spencer H. Lewis, Jr.
Director
New York District Office

# EXHIBIT B

EEOC Form 161-A (3/98)     U.S. ~~JAL~~ EMPLOYMENT OPPORTUNITY COMI~~SS~~ION

## NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

| To: Nilsa Lewis<br>101 Ocean Parkway<br>Brooklyn, NY 11218 | From: New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 160-2006-00527 | Sean J. Oliveira,<br>Investigator | (212) 336-3760 |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)     Spencer H. Lewis, Jr.,<br>Director     5/16/08 (Date Mailed)

cc: Ronnie Schaffer<br>Director, Human Resources<br>ASA COLLEGE<br>151 Lawrence Street<br>Brooklyn, NY 11201

Mr. Ronald G. Dunn, Esq.<br>Gleason, Dunn, Walsh & O'Shea<br>40 Beaver Street<br>Albany, NY 12207

Mr. Patrick J. Boyd, Esq.<br>The Boyd Law Group, PLLC<br>230 Park Avenue, Suite 1000<br>New York, NY 10169

Enclosure with EEOC
Form 161-A (3/98)

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS  --  Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS  --  Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit **before 7/1/02** -- not 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION  --  Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE  --  All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*